UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| SCOTT A. MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-00196-TWP-DML |
| | ) | |
| COOPER AND FREEMAN LAW FIRM, | ) | |
| ASHLEY URBAN LAW FIRM, | ) | |
| INDIANA STATE POLICE, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Granting Request to Proceed *in forma pauperis*,
Dismissing Complaint, and Directing Entry of Final Judgment**

**I.**

The plaintiff's request to proceed *in forma pauperis*, dkt. [2], is **granted**. Notwithstanding the foregoing ruling, "[a]ll [28 U.S.C.] § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir. 1996). The assessment of even an initial partial filing fee is waived because the plaintiff has no assets and no means by which to pay a partial filing fee. 28 U.S.C. § 1915(b)(4). Accordingly, no initial partial filing fee is due at this time.

**II.**

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies

the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

In his Complaint, Mr. Martin alleges that during all of 2017-2018, the Kentucky and Indiana State Police Departments did not help him when his life was in danger after he called them several times. He further states: "I would like for the defendant to stop following me and having people follow me. I've caught and seen the defendant stalking me at multiple places. Including the hospital when I had problems with my eyes. The meds I was given at U of L hospital made me lose my eyesight." Mr. Martin alleges the Louisville police department and Indiana State Police "didn't help me because they said I was crazy and didn't need help." He seeks one million dollars and for the pain and suffering and to have defendants and other people stop following him.

Based on the screening standard set forth above, the complaint must be **dismissed**. First, any claim that that the State Police Departments failed to investigate Mr. Martin's complaints must be dismissed because the Seventh Circuit does not recognize a claim for "inadequate police investigatory work" in the absence of some other recognized constitutional violation. *Lyons v. Adams*, 257 F. Supp. 2d 1125, 1135 (N.D. Ill. 2003) (citing *Jacobson v. National R.R. Passenger Corp.,* No. 97 C 6012, 1999 WL 1101299, at *10 (N.D.Ill. Nov.29, 1999); *Washington v. Godinez,* No. 95 C 7612, 1996 WL 599055, at *3 (N.D.Ill. Oct.17, 1996) ("[T]here is no constitutional right

to an investigation by a police officer unless another recognized constitutional right is involved.");
*see also Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985).

Next, Mr. Martin appears to assert that the other defendants identified in the complaint, Cooper and Freeman Law Firm and Ashley Urban Law Firm, have stalked him. This claim, too, must be dismissed because it is frivolous and deserves no further judicial time. *See Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000), and *Gladney v. Pendleton Correctional Facility*, 302 F.3d 773, 774 (7th Cir. 2002). Mr. Martin may genuinely believe that the law firms are staking him, but that belief is so implausible that it cannot be the basis of a federal claim. Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (citing *Oneida Indian Nation of N.Y. v. County of Oneida*, 414 U.S. 661, 666 (1974); *Romero v. International Terminal Operating Co.*, 358 U.S. 354, 359 (1959)). The Court notes that Mr. Martin brought a similar complaint that was dismissed for the same reasons. *Martin v. State of Indiana Police*, No. 4:18-cv-140-RLY-DML.

### III.

For the reasons set forth above, the Court **dismisses** the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Because the allegations in the complaint are so fanciful that they fail to engage the court's subject-matter jurisdiction, dismissal of this action shall be without prejudice. See *Ezike*, 2009 WL 247838 at *3 (citing *African American Slave Descendants Litig.*, 471 F.3d at 758, 763.).

**IT IS SO ORDERED.**

Date: 11/13/2018

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

SCOTT A. MARTIN
FLOYD COUNTY JAIL
Inmate Mail/Parcels
P.O. Box 1406
New Albany, IN 47150